**UNITED STATES of America,**
**Appellee,**

v.

**Gerald W. WEAVER II, Appellant.**

**No. 00–3064.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 6, 2001.

Decided Oct. 5, 2001.

Gerald W. Weaver II argued the cause. pro se.

Christopher S. Rhee, Assistant United States Attorney, argued the cause for the appellee. Kenneth L. Wainstein, United States Attorney, and John R. Fisher and Thomas J. Tourish, Jr., Assistant United States Attorneys, were on brief.

Before: HENDERSON, RANDOLPH and ROGERS, Circuit Judges.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Gerald W. Weaver filed a petition pursuant to 28 U.S.C. § 2255 seeking to have his guilty plea set aside on the ground that his former lawyer, R. Kenneth Mundy, had had a conflict of interest. The district court concluded that, while Mundy's simultaneous representation of Weaver and of then U.S. Rep. Daniel D. Rostenkowski, against whom Weaver was a potential witness, created a conflict, Weaver had not shown the necessary prejudice to establish

an ineffective assistance of counsel claim. *See United States v. Weaver,* 112 F.Supp.2d 1 (D.D.C.2000). We conclude that Weaver established both the existence of a conflict and prejudice flowing therefrom. We nonetheless affirm the district court's denial of Weaver's petition because the prejudice was limited to the period during which the conflict existed and therefore did not affect Weaver's guilty plea which was entered more than a year before the conflict arose.

## I.

Weaver was an aide to U.S. Rep. Joseph P. Kolter from 1983–87. In 1992 Weaver was indicted on 22 counts, all but one arising from his involvement in the House of Representatives Post Office scandal. On March 31, 1993 Weaver pleaded guilty, pursuant to a negotiated plea agreement, to one count each of obstruction of justice, conspiracy to distribute cocaine and distribution of cocaine. The agreement provided that Weaver would cooperate in the ongoing Post Office investigation and that

> [i]f the United States Attorney determines [Weaver] has provided substantial assistance in the investigation or prosecution of other persons, the United States Attorney may, in his discretion, file motions under title 18, United States Code, Section 3553(e), and Rule 35(b), Federal Rules of Criminal Procedure advising the District Court of the assistance to law enforcement authorities.

112 F.Supp.2d at 2.[1] Around the same time, Weaver provided information to the government implicating Kolter, Rosten-

---

1. Section 3553(e) provides:

   (e) Limited authority to impose a sentence below a statutory minimum.—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's sub-

stantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

kowski and Robert V. Rota, the House Postmaster.

After Rota pleaded guilty on July 19, 1993, Mundy wrote the government asking if it had made a decision whether to file a substantial assistance motion on Weaver's behalf and requesting that, if not, the government consent to postpone Weaver's surrender date. In a letter dated August 5, 1993 the government responded that Weaver's information did not assist in obtaining Rota's plea and that he had not otherwise substantially assisted in a prosecution but that the government would further evaluate the matter down the road.

Rostenkowski was indicted on May 31, 1994 and on July 5, 1994 Mundy entered an appearance on his behalf. The government contacted both Mundy and the district court urging Mundy's disqualification from the Rostenkowski case because his dual representation of Rostenkowski and of Weaver, a potential witness against Rostenkowski, created a conflict of interest. When Mundy refused to withdraw, the government filed a formal motion on October 16, 1994 to disqualify him. While the motion was pending, Weaver obtained new counsel who entered an appearance on November 29, 1994 and requested that the government file a substantial assistance motion. The government did so and on December 21, 1994 the district court reduced Weaver's sentence to time served but rejected Weaver's request to eliminate supervised release. Mundy died on April 14, 1995 and in an order filed May 30, 1995 the district court dismissed as moot the government's motion to disqualify him.

On February 24, 1997 Weaver filed a section 2255 petition to set aside his conviction based, *inter alia*, on Mundy's conflict of interest. On August 11, 1997, with the government's consent, the district court stayed the remaining four months of Weaver's supervised release. The district court denied Weaver's petition in a memorandum opinion filed June 7, 2000.

## II.

Weaver contends his guilty plea should be set aside because it was "tainted" by the conflict of interest created by Mundy's simultaneous representation of both Weaver and Rostenkowski.[2] We agree with Weaver, as does the government, that a conflict adversely affected Mundy's representation. We nevertheless conclude, as the government maintains, that the conflict does not justify vacating his conviction.

In *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the

---

18 U.S.C. § 3553(e). Rule 35(b) provides:
(b) Reduction of Sentence for Substantial Assistance. If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been

rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.
Fed.R.Crim.P. 35(b).

2. Weaver also seeks to void his plea on the ground that the initial district judge, who recused herself, without explanation, on April 23, 1997, was in fact disqualified much earlier in the case. He has offered no substantiation for his claim and has therefore failed to "ma[k]e a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2). Accordingly, we deny his motion for a certificate of appealability of this issue.

United States Supreme Court established that to make out a conflict of interest claim a petitioner "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." 446 U.S. at 349, 100 S.Ct. 1708. "A defendant who proves an actual conflict of interest thus avoids the more stringent requirement of proving that the lawyer's 'deficient performance prejudiced the defense,' *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), for such prejudice is presumed, *United States v. Farley*, 72 F.3d 158, 166 (D.C.Cir.1995)." *United States v. Thomas*, 114 F.3d 228, 252 (D.C.Cir.), *cert. denied*, 522 U.S. 1033, 118 S.Ct. 635, 139 L.Ed.2d 614 (1997). The defendant need only show "that a conflict of interest actually affected the adequacy of his representation." *Cuyler*, 446 U.S. at 350, 100 S.Ct. 1708. Weaver made such a showing below.

It is agreed that Mundy represented clients with conflicting interests[3]: Weaver's interest lay in assisting the prosecution of Rostenkowski, in the hope that the government would file a substantial assistance motion, while Rostenkowski's interest lay in thwarting his own prosecution and any part Weaver might play in it. That the conflict adversely affected Mundy's representation of Weaver is evident from Mundy's failure to request a substantial assistance motion after Rostenkowski was indicted and Mundy undertook to represent him. Under these circumstances Mundy could not serve two masters and, as long as he tried to do so, Weaver was deprived of effective counsel.[4] This deprivation does not, however, justify setting aside his plea or conviction.

**■■** To have a plea set aside on a section 2255 petition, the petitioner "must show that the plea proceeding was tainted by 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Farley*, 72 F.3d at 162 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). Weaver has not demonstrated that Mundy's post-sentencing conflict in any way tainted his guilty plea. Mundy undertook to represent Weaver only after Weaver had already pleaded guilty and, to all appearances, he represented Weaver ably at sentencing.[5] It was not until a year after the sentencing (and some 14 months after the guilty plea) that Mundy undertook to represent Rostenkowski, giving rise to the conflict of interest. The conflict is presumed to have prejudiced the defendant in that Mundy failed while the conflict lasted, from approximately July 5, 1995 to November 29, 1995, to request a substantial assistance motion for Weaver.[6] The remedy for such prejudice, however, is

---

**3.** The district court noted in its order that "there is some evidence in the record to suggest that Mundy may have effectively terminated his relationship with Weaver prior to the entry of his appearance in the *Rostenkowski* action." 112 F.Supp.2d at 5 n. 12. The district court then stated: "[I]t is worth noting that there may indeed be no conflict of interest in Weaver's case since Mundy may have terminated his relationship with Weaver before he entered his appearance for Rostenkowski." *Id.* On appeal, the government has conceded that there was a conflict.

**4.** The government suggests that Weaver possessed no Sixth Amendment right to effective counsel post-sentencing. Because the government failed to so argue below, we need not decide the issue here.

**5.** Mundy persuaded the district court to reduce Weaver's base offense level by two points for acceptance of responsibility under U.S.S.G. § 3E1.1, notwithstanding Weaver's plea to obstruction of justice and contrary to the presentencing report's recommendation.

**6.** In finding that Weaver was not "adversely affected" by the conflict, the district court incorrectly applied the *Strickland* requirement that prejudice be established rather than the *Cuyler* presumption of prejudice.

not to set aside the plea, as Weaver asks, but to adjust the sentence as if Mundy had made a timely request. *See United States v. Unger,* 700 F.2d 445, 451–54 (8th ·Cir.) (remanding for resentencing on account of conflict that adversely affected representation during sentencing but holding "plea should stand" because "there was no conflict of interest that adversely affected [the defendant's] representation when she pleaded guilty"), *cert. denied,* 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983); *see also Lopez v. Scully,* 58 F.3d 38, 43 (2d Cir.1995) (sending case back to state court "solely for resentencing" because of actual conflict of interest during sentencing); *United States v. Swartz,* 975 F.2d 1042, 1050 (4th Cir.1992) (sentence vacated and case "remanded for resentencing" on account of conflict during sentencing). But Weaver insisted at oral argument that he does not wish the court to remand for resentencing but seeks only to have the conviction set aside. Accordingly, because the conflict did not prejudice Weaver's plea, there is no basis for setting aside the judgment of conviction and the denial of the section 2255 petition is

*Affirmed.*